FILED'08 MAY 07 16:01 USDC-ORN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TRI-COUNTY METROPOLITAN TRANSPORTATION　　　Civil No. 08-259-AA
DISTRICT OF OREGON, an Oregon　　　　　　　　OPINION AND ORDER
municipal corporation,

    Plaintiff,

vs.

BUTLER BLOCK, LLC, a Delaware
limited liability company,

    Defendant.
_____

Joel Mullin
Stoel Rives
900 SW Fifth Avenue, Suite 2600
Portland, Oregon 97204-1268
    Attorney for plaintiff

Michael Simon
Perkins Coie
1120 NW Couch Street, Tenth Floor
Portland, Oregon 97209-4128
    Attorney for defendant

AIKEN, Judge:

    Defendant filed a motion to dismiss asserting that this

Page 1 - OPINION AND ORDER

court lacks subject matter jurisdiction because complete diversity of citizenship did not exist between the parties at the time this action was filed. Defendant's motion is granted and this case is dismissed.

## STANDARDS

### Motion to Dismiss

Under Fed. R. Civ. P. 12(b)(6), once a claim has been stated adequately, it may be supported by "showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1960 (2007). See also, Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984), cert. denied, 470 U.S. 1052 (1985). For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983).

### Subject Matter Jurisdiction

A federal court's diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . [c]itizens of different States." 28 U.S.C. § 1332(a)(1). For diversity jurisdiction to exist, complete diversity must exist between the parties at the time an action is commenced. See Co-Efficient Energy Sys. v. CSL Indus., Inc., 812 F.2d 556, 557 (9th Cir. 1987).

///

Page 2 - OPINION AND ORDER

DISCUSSION

There is no dispute that plaintiff here is "a municipal corporation and a mass transit district organized under the laws of the State of Oregon." Complaint, ¶ 3. Therefore, for diversity purposes, plaintiff is a citizen of Oregon. Defendant, Butler Block, LLC, is a Delaware limited liability company comprised of two members: M. David Paul Ventures, LLC ("Ventures") and SIP Management, LLC ("SIP Management"). Ventures is a California limited liability company. See Def's Declaration of Matt Sloan, Ex. 1, p. 5. SIP Management, however, is an Oregon limited liability company, and its sole member, Matt Sloan, is an Oregon resident. Id., ¶¶ 1-3. The Ninth Circuit holds that "an LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Therefore, defendant asserts that complete diversity does not exist between the parties because both plaintiff and defendant are citizens of Oregon.

Plaintiff argues that SIP Management was administratively dissolved under Oregon law at the time plaintiff filed its complaint.[1] Defendant does not dispute this. In fact, SIP Management was administratively dissolved on January 13, 2006,

---

[1] SIP Management's administrative dissolution was due to SIP not paying its annual Oregon dues.

Page 3 - OPINION AND ORDER

and plaintiff filed its complaint on March 3, 2008. SIP Management was ultimately reinstated on March 26, 2008.[2] See Def's Declaration of Cody Weston, Ex. 1.

Butler Block is a Delaware limited liability company governed by Delaware law. Therefore, the court must look to Delaware law to determine whether administrative dissolution of an LLC member of a parent LLC causes that member's withdrawal from LLC membership. Delaware does not provide for or recognize an "administrative" dissolution of an LLC. Defendant argues that pursuant to Delaware law the administrative dissolution of an LLC member of a parent LLC does not cause that member's withdrawal from the parent LLC. Rather an LLC has a "perpetual existence" unless it is dissolved in accordance with the terms set forth in the LLC's operating agreement or with the consent of its members or pursuant to the entry of a decree of judicial dissolution. See Del. Code Ann. title 6, § 18-891(a).

Nonetheless, plaintiff argues that the administrative dissolution of SIP Management under Oregon law resulted in the termination under Delaware law of SIP Management's membership in defendant Butler Block, a Delaware LLC. Plaintiff relies on the following Delaware code section which states:

---

[2] The reinstatement of SIP Managment on March 26, 2008, is irrelevant to the determination of jurisdiction under the "time of filing" rule. See Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 574-75 (2004)(events subsequent to the filing of a complaint are irrelevant to an assessment of citizenship).

Page 4 - OPINION AND ORDER

> Unless otherwise provided in a limited liability company agreement, the death, retirement, resignation, expulsion, bankruptcy or dissolution of any member or the occurrence of any other event that terminates the continued membership of any member shall not cause the limited liability company to be dissolved or its affairs to be wound up, and upon the occurrence of any such event, the limited liability shall be continued without dissolution.

6 Del. C. Ann. § 18-801(b).

Plaintiff argues that the language "dissolution of any member" and "any other event that terminates the continued membership of any member" means that under Delaware law, the dissolution of a LLC member terminates that member's membership in a Delaware limited liability company. I disagree. The plain reading of the relevant Delaware code sections states that withdrawal of an LLC member "shall not cause the limited liability company to be dissolved or its affairs to be wound up" and that "the limited liability company shall be continued without dissolution." In other words, under Delaware law, the administrative dissolution of SIP Management was an event that did not terminate the LLC, defendant Butler Block. This is in contrast to Oregon law which affirmatively states that an LLC "member shall cease to be a member in a limited liability company upon the member's . . . dissolution[.]" Or. Rev. Stat. 63.265(1). I do not find a comparable statute in Delaware law. Specifically, Delaware, unlike Oregon, does not dictate that dissolution, including "administrative" dissolution of an LLC results in involuntary withdrawal from LLC membership. Moreover,

Page 5 - OPINION AND ORDER

Delaware does not recognize "administrative" dissolution. See Del. Code Ann. title 6, § 18-801(a)(1)-(5)("dissolution" occurs: 1) at a time specified in the LLC agreement, if unspecified, LLC has "perpetual existence;" 2) upon occurrence of events specified in LLC agreement; 3) upon vote of LLC members; 4) at such time no member exists; or 5) upon "judicial" dissolution). Compare this to Oregon's "administrative" dissolution which occurs, for example, when a member fails to pay dues, fails to deliver the annual report, and/or fails to provide notice that the registered agent or office has changed. See Or. Rev. Stat. 63.647. Further, Oregon law provides that administrative dissolution does not "[p]revent commencement of a proceeding by or against the limited liability company in its limited liability company name." Or. Rev. Stat. 63.651(3), 63.637(2)(c)).

Here, neither Delaware law nor the Butler Block operating agreement permits SIP Management to withdraw from Butler Block merely by failing to pay its annual administrative dues to the State of Oregon. The Butler Block operating agreement expressly prohibits withdrawal without agreement of all members or without the manager's approval. See Declaration of Matt Sloan, Ex. 1, ¶ 7.2. Further, under Delaware law, unless an LLC agreement provides otherwise, "a member may not resign from a limited liability company prior to the dissolution and winding up of the limited liability company." Del. Code Ann. title 6, § 18-603.

Page 6 - OPINION AND ORDER

It is reasonable to conclude that if the administratively dissolved SIP Management continued its existence under Delaware law, then it would be appropriate to recognize its existence as a citizen of Oregon in determining whether complete diversity of citizenship exists when filing a complaint. Although SIP Management was administratively dissolved at the time the complaint was filed, pursuant to Delaware law, SIP Management was not withdrawn from Butler Block (the LLC membership) and therefore continued as a citizen of Oregon. Therefore, without complete diversity of citizenship between the parties at the time the complaint was filed, this court lacks subject matter jurisdiction over this case.

## CONCLUSION

Defendant's motion to dismiss (doc. 5) is granted. Defendant's request for oral argument is denied as unnecessary. This case is dismissed.

IT IS SO ORDERED.

Dated this 7 day of May 2008.

_____
Ann Aiken
United States District Judge

Page 7 - OPINION AND ORDER